16-4197-cv
*Cordero v. Semple*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
REENA RAGGI,
            *Circuit Judges.*

---

JOSÉ LUIS CORDERO,

            *Plaintiff-Appellant,*                                  16-4197-cv

                    v.

SCOTT SEMPLE, COMMISSIONER, SCOTT ERFFY, WARDEN, STATE-PRISON, AVERY, CORRECTION OFFICER, MCCAULEY, CORRECTION OFFICER,

            *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          José Luis Cordero, *pro se*, Cheshire, CT

**FOR DEFENDANTS-APPELLEES:**          No appearance

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 12, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant José Luis Cordero, proceeding *pro se*, appeals the District Court's *sua sponte* dismissal of his claims against defendants-appellees, officials at the Cheshire Correctional Institution ("CCI"). Cordero brought claims under 42 U.S.C. § 1983 ("Section 1983"), the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Connecticut Constitution.[1] The District Court dismissed the federal causes of action for failure to state a claim, and declined to exercise supplemental jurisdiction over the state causes of action. Cordero appeals only the District Court's dismissal of his claims under Section 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and the ADA, and abandons any challenges to the dismissal of the other claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the *sua sponte* dismissal of a complaint *de novo. McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017) (internal quotation marks omitted). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Upon such review, we conclude that the District Court properly dismissed Cordero's Section 1983 and Eighth Amendment conditions-of-confinement claim based on his placement in a double cell. Double-celling is not *per se* unconstitutional, *see Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (Rehnquist, J.) ("We disagree with both the District Court and the Court of Appeals that there is some sort of 'one man, one cell' principle lurking in the Due Process Clause of the Fifth Amendment."), and Cordero failed to allege any consequences of double-celling such as "deprivations of essential food, medical care, or sanitation" or "increase[d] violence among inmates" that might constitute the deprivation of a constitutional right, *see Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981). Accordingly, Cordero did not establish a *prima facie* case under Section 1983 and the Eighth Amendment.

---

[1] As permitted by statute, the District Court dismissed these claims prior to service on the defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. Nonetheless, we have appellate jurisdiction over an appeal on the *sua sponte* dismissal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004).

We likewise conclude that the District Court correctly dismissed Cordero's ADA claim. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). Assuming *arguendo* that his HIV-status and mental disorders qualify as disabilities under the ADA, Cordero did not allege that his conditions prevented him from participating in any programs or activities, much less that reasonable accommodations were needed, requested, or refused. The District Court thus appropriately dismissed Cordero's ADA claim.

Upon independent review of the record, and for the reasons principally set forth in the District Court's orders and judgment, we find Cordero's remaining arguments to be without merit.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the December 12, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk