15-2589-cv (L)
*Kernan v. New York State Dep't of Fin. Servs., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November two thousand seventeen.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JANE A. RESTANI,
                    *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES M. KERNAN, individually and on behalf of all those independent entrepreneurs, small and disadvantaged business enterprises, suffering serious, permanent and irreparable economic and social injury and damage as a result of actions by the Defendants to limit, ORISKA CORPORATION, ORISKA INSURANCE COMPANY,

      *Plaintiffs-Appellants*,           15-2589-cv

                                 15-2600-cv

      v.                        16-3643-cv

                                 16-3658-cv

---

[*]    Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, FKA New York State Department of Insurance, BENJAMIN M. LAWSKY, Superintendent of New York State Department of Financial Services, CHARLES BUZZ SAWYER, Assistant Chief Investigator, JAMES MASTERSON, Supervising Insurance Examiner, Property Bureau, MICHAEL V. IMBRIANO, Principal Insurance Examiner, EUGENE BENGER, ESQ., Deputy General Counsel Insurance, JON G. ROTHBLATT, ESQ., former Principal Counsel, JEFFREY A. STONEHILL, ESQ., Hearing Officer, HOWARD D. MILLS, III, former Superintendent, UNITED STATES OF AMERICA, as their several interests may appear, PAUL DEROBERTIS, CHRISTINE GRALTON, BERTRAM A. HOROWITZ, BERTRAM HOROWITZ, INC., GLORIA HUBERMAN, THOMAS HURLEY, SHEIK MOHAMED,

        *Defendants-Appellees*,

MICHAEL A. MARK, Investigator, BETH COHEN, ESQ., Associate Attorney, EDWARD R. BROTON, Assistant United States Attorney, JAMES HANSON, KEVIN MCCARTY, ROBIN WESCOTT, Individually, and collectively, alone and in concert with present and former associates and other still unidentified parties, ANDREW BORON, Director of the Illinois Department of Insurance, PATRICK HUGHES, Deputy Director of the Illinois Office of the Special Deputy, ILLINOIS OFFICE OF THE SPECIAL DEPUTY, ILLINOIS DEPARTMENT OF INSURANCE, FLORIDA OFFICE OF INSURANCE REGULATION,

        *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     LEIGHTON R. BURNS, Kernan and Kernan, P.C., Utica, New York.

FOR DEFENDANTS-APPELLEES: ANDREW RHYS DAVIES, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General, State of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-appellants James M. Kernan, Oriska Corporation, and Oriska Insurance Company appeal from a July 27, 2015 judgment of the district court dismissing their amended complaint with prejudice and a September 29, 2016 order of the district court denying their second motion to supplement the record on appeal.[1] The amended complaint alleges, *inter alia*, that defendants-appellees the New York State Department of Financial Services ("NYSDFS"), the Superintendent of NYSDFS, and thirteen other individuals currently or formerly affiliated with NYSDFS discriminated against potential customers of plaintiffs' insurance business and conspired to violate

---

[1] The appeals of Kernan and the Oriska entities from the judgment (15-2589-cv, 15-2600-cv) and from the order denying their motion to supplement the record on appeal (16-3643-cv, 16-3658-cv) have been consolidated, and this order disposes of all four appeals.

plaintiffs' constitutional rights. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

The facts are drawn from plaintiffs' allegations in the complaint, which we accept as true, and augmented by a series of federal and state proceedings related to Kernan's ban from engaging in the business of insurance, of which we may and do take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Kernan owns and controls both Oriska Insurance Company and Oriska Corporation (together, "Oriska"). In March 2009, Kernan pled guilty in the District Court for the Northern District of New York to violating 18 U.S.C. § 1033(e)(1)(B), which prohibits individuals from knowingly and willfully permitting convicted felons to engage in the insurance business. In January 2010, he was sentenced principally to five years' probation and fined $250,000.[2]

Kernan's conviction barred him from engaging in the insurance business in a particular state absent consent by the state's insurance regulator. *See* 18 U.S.C. §§ 1033(e)(1)(A) and (e)(2). In February 2013, NYSDFS, New York State's insurance regulator, denied Kernan's application for consent to engage in the business of insurance in New York. Plaintiffs filed a challenge to the determination pursuant to N.Y. C.P.L.R. Article 78 in New York state court, which is still pending. That same

---

[2]    Kernan's appeal from the denial of his 2014 petition for a writ of *coram nobis* in connection with this conviction is pending before this court. *See Kernan v. United States*, No. 17-1113-cv.

4

month, NYSDFS also issued an "impairment order" prohibiting Oriska from issuing insurance policies until its capital stock and policyholder surplus were sufficient to cover its liabilities. The Supreme Court, Oneida County dismissed Oriska's petition to annul the impairment order in May 2014.

On June 4, 2013, plaintiffs filed the complaint in this action, alleging that NYSDFS and its employees targeted plaintiffs for improper investigation and prosecution. Plaintiffs' amended complaint asserts (1) claims under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and the Equal Protection Clause on behalf of a class of "minority, women, veteran, and disabled business enterprises" that were unable to access Oriska's products as a result of Kernan's bar from the insurance industry, Supp. App'x 1; (2) a conspiracy claim, alleging that defendants conspired to violate plaintiffs' constitutional rights; (3) a constitutional challenge to 18 U.S.C. § 1033, the basis for Kernan's 2009 conviction; and (4) an Article 78 claim to set aside NYSDFS's denial of consent to Kernan engaging in the insurance business in New York.

The district court granted defendants' motion to dismiss the complaint in July 2015. The district court concluded that plaintiffs lacked standing to bring claims on behalf of minority-owned businesses and failed to state a claim of conspiracy or as to the unconstitutionality of 18 U.S.C. § 1033. Because plaintiffs' federal claims warranted

5

dismissal, the district court declined to exercise supplemental jurisdiction over the Article 78 claim. This timely appeal followed.[3]

In April 2016, after filing notices of appeal, plaintiffs filed a motion in the district court to supplement the record on appeal to include an email from NYSDFS to Kernan, sent after the dismissal of the amended complaint, regarding his request under New York's Freedom of Information Law. The district court denied the motion because the email had not been before the district court and was not a proper subject of judicial notice. Plaintiffs timely appealed the denial of the motion, and the appeals have been consolidated for this court's consideration.

We review *de novo* the district court's grant of a motion to dismiss. *MGM Resorts Int'l Glob. Gaming Dev. v. Malloy*, 861 F.3d 40, 44 (2d Cir. 2017); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that, accepted as true, are sufficient "to state a claim to relief that is plausible on its face"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Carlin*, 852 F.3d at 212 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation marks omitted)).

---

[3]     Plaintiffs do not appeal the district court's decision not to exercise supplemental jurisdiction over their Article 78 claim.

### 1. Discrimination claims

Plaintiffs allege that, by refusing to consent to plaintiffs' participation in the insurance industry, NYSDFS discriminated against minority-owned businesses wanting to buy insurance from Oriska, in violation of Title VI and the Equal Protection Clause. These claims fail because plaintiffs lack standing to assert the rights of this purported class of potential customers.

To have Article III standing to bring a claim, a plaintiff must demonstrate "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). As to the injury requirement, "a plaintiff must have personally suffered an injury," *id.* at 107, because "[t]he Art[icle] III judicial power exists only to redress or otherwise to protect against injury to the complaining party," *id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Plaintiffs do not allege that they are members of the class or that they have been injured by NYSDFS's discrimination. Instead, they attempt to rely on injuries "suffered by other, unidentified members of the class . . . [that] they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Accordingly, because the named

plaintiffs have not alleged that they were personally injured under Title VI and the Equal Protection Clause, their discrimination claims must be dismissed for lack of standing. *See W.R. Huff Asset Mgmt.*, 549 F.3d at 110.[4]

## 2. 18 U.S.C. § 1033

Next, plaintiffs challenge the constitutionality of 18 U.S.C. § 1033(e)(1)(A) as it applies to Kernan. As an initial matter, plaintiffs' theory that Congress did not intend § 1033's statutory bar to apply to individuals convicted of the strict liability offense in § 1033(e)(1)(B) is belied by the plain language of the statute. Section 1033(e)(2) provides that "[a] person described in paragraph (1)(A) may engage in the business of insurance or participate in such business if such person has the written consent of any insurance regulatory official authorized to regulate the insurer." Section 1033(e)(1)(A), in turn, provides that:

> Any individual who has been convicted of any criminal felony involving dishonesty or a breach of trust, *or who has been convicted of an offense under this section*, and who willfully engages in the business of insurance whose activities affect interstate commerce or participates in such business, shall be fined as provided in this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1033(e)(1)(A) (emphasis added). Plaintiffs do not dispute that Kernan was convicted under § 1033(e)(1)(B), *i.e.*, "an offense under this section"; thus, the bar applies to Kernan by operation of the statute. Furthermore, plaintiffs offer no other explanation

---

[4] This deficiency is not remedied by the proposed second amended complaint, as discussed further below.

8

of how the statute violates any of Kernan's constitutional rights, or why NYSDFS would be liable for a federal prosecution under the statute in question. Accordingly, the district court properly dismissed this claim.

### 3. Conspiracy

Plaintiffs' fourth claim alleges that defendants "conspired and agreed to restrain for an unlawful purpose and prohibit lawful operations by Plaintiffs." Supp. App'x 19. To bring a § 1983 conspiracy claim, a plaintiff must allege "(1) an agreement between two or more state actors . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiffs allege in conclusory fashion that the state regulators and the federal government worked together to "snuff out" Oriska, Supp. App'x 15, but include no facts from which we can infer the existence of such an agreement. Additionally, as noted above, the amended complaint does not specify which of plaintiffs' constitutional rights defendants conspired to violate. Nor does the amended complaint allege what acts were taken in furtherance of such scheme. Without any underlying facts to set forth the nature of the alleged conspiracy, the claim must be dismissed. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("It is well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" (citation omitted)).

9

### 4. Due process

On appeal, plaintiffs argue that they also asserted a due process claim in the amended complaint. Any due process claim asserted by plaintiffs fails due to a total lack of factual allegations to support such a claim. Furthermore, NYSDFS afforded Kernan notice and the opportunity to be heard prior to both the denial of consent to operate in the business of insurance and the impairment order. Accordingly, to the extent plaintiffs allege that defendants violated their due process rights, such claim was properly dismissed by the district court.

### 5. Leave to amend

This Court "ordinarily review[s] a district court's denial of a motion to amend the pleadings for abuse of discretion." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). Plaintiffs' proposed second amended complaint added six new plaintiffs who, according to plaintiffs, cure any standing defects due to their "associations with Oriska." Appellants' Br. at 20. Plaintiffs have not alleged, however, that any of the new proposed plaintiffs previously bought or planned to buy insurance from Oriska.[5] Because leave to amend need not be granted where the proposed amendments would be futile, *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014),

---

[5]     Although the proposed second amended complaint sought to add two entities that had purportedly entered memoranda of understanding to secure bonding from Oriska, neither entity was a contractor who could have benefitted from such bonding, and neither cured the complaint's standing problem.

10

we conclude that the district court acted within its discretion in denying plaintiffs leave to amend again their complaint.

**6.     Documents outside the record on appeal**

Finally, we review the district court's decision not to supplement the record on appeal or take judicial notice of a document for abuse of discretion. *United States v. Apple Inc.*, 787 F.3d 131, 139 n.3 (2d Cir. 2015); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008).

We identify no abuse of discretion in the district court's denial of plaintiffs' motion to supplement the record on appeal with or to take judicial notice of the April 2016 email from NYSDFS to Kernan. To the extent plaintiffs ask this court to take judicial notice of the email or supplement the record on appeal with the email, we decline to do so. The email is not a proper subject of judicial notice. Furthermore, "absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (per curiam). No such circumstances are presented here, where no new allegations based on the email could cure plaintiffs' conspiracy claim.

We have considered all of plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11