23-187-cv
Worley v. Meyrowitz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three.

PRESENT:
> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Hattie Worley,

> *Plaintiff-Appellant*,

> v.                                                            23-187-cv

Simon Meyrowitz & Meyrowitz, P.C.,


> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:          HASHIM RAHMAN, Rahman Legal, New York, NY.

FOR DEFENDANT-APPELLEE:           MATTHEW K. FLANAGAN (Jenna L. Fierstein, *on the brief*), Catalano Gallardo & Petropoulos, LLP, Jericho, NY.

This is an appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Hattie Worley appeals the district court's October 26, 2022 judgment dismissing her amended complaint for failure to state a claim and the district court's January 11, 2023 denial of her motion for reconsideration. *Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 21CV08385(JMF), 2022 WL 14760633 (S.D.N.Y. Oct. 25, 2022), *reconsideration denied*, 2023 WL 158293 (S.D.N.Y. Jan. 11, 2023). Worley alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant-Appellee Simon Meyrowitz & Meyrowitz, P.C. ("Meyrowitz") in connection with its attempts to collect on a state-court default judgment entered against her, on behalf of its client, the New York City Housing Authority ("NYCHA"). Because Meyrowitz filed its motion prior to filing its answer, the district court construed Meyrowitz's Rule 12(c) motion for judgment on the pleadings as a motion under Rule 12(b). The district court granted the motion on the grounds that (1) it lacked subject-matter jurisdiction over several of Worley's claims under the *Rooker-Feldman* doctrine and (2) Worley failed to plead a plausible claim under the FDCPA as to her remaining claims. The district court also denied Worley's motion for reconsideration and leave to amend. Worley timely appealed the judgment dismissing her amended complaint, as well as the order denying her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

# BACKGROUND[1]

On June 4, 2019, a New York County Civil Court entered a default judgment against Worley for $9,816.08 after she was sued by her former landlord, NYCHA, for failure to pay rent. Worley alleges that she first learned of the judgment two years later. On March 30, 2021, Worley emailed NYCHA to explain that she had been having technical difficulties attempting to pay her balance through the NYCHA "portal." That same day, NYCHA responded to Worley via email, informing her that her case was with the collection attorneys and giving Worley a phone number to call to inquire about her debt. NYCHA's email copied several other NYCHA email addresses and a Meyrowitz email address. On March 31, 2021, Worley sent an email to a Meyrowitz email address stating: "Please add to case file thank you." Joint App'x at 57. A few days later, on April 2, 2021, Meyrowitz responded to Worley via email (the "April 2 Email") on behalf of NYCHA to inform her of the outstanding balance. *Id.* Worley then moved to vacate the default judgment, which the state court denied.

Several months later, on October 11, 2021, Worley sued in federal court under the FDCPA, alleging that Meyrowitz, by sending the April 2 Email, improperly attempted to collect what it knew to be an unlawful debt stemming from the state-court judgment. The district court dismissed Worley's amended complaint with prejudice based on its finding that the April 2 Email from Meyrowitz did not constitute an "initial communication," as required for certain claims under the FDCPA, because it was reactively sent in response to an email from Worley. The district court

---

[1] In evaluating the motion, we may consider the March 31, 2021 email and the April 2, 2021 email because they are attached to the amended complaint, and the March 30, 2021 emails among Worley, NYCHA, and Meyrowitz because they are integral to the amended complaint. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

3

further concluded that it lacked jurisdiction over Worley's remaining FDCPA claims based on the *Rooker-Feldman* doctrine.

"We review a district court's dismissal pursuant to Fed. R. Civ. P. 12(c) *de novo*, employing the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks and alteration omitted). When reviewing a district court's dismissal for lack of subject-matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo*." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). We review a district court's denial of reconsideration for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999).

Whether evaluating a defendant's motion for judgment on the pleadings pursuant to Rule 12(c) or a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the amended complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). To survive either motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *WC Capital Mgmt., LLC v. UBS Secs., LLC*, 711 F.3d 322, 328 (2d Cir. 2013) (quoting *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009)).

**DISCUSSION**

First, Worley challenges the district court's conclusion that Meyrowitz's April 2 Email to Worley was not an "initial communication" within the meaning of either 15 U.S.C. § 1692e(11) or 15 U.S.C. § 1692g(a), relying on *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 211 (2d Cir. 2017), for the proposition that a communication from a debt collector sent in reply to a

communication from a consumer can still sometimes be deemed an "initial communication" under the FDCPA. However, Worley's reliance on *Carlin* is misplaced as she, unlike the plaintiff in *Carlin*, was never "prompted" by Meyrowitz to contact it regarding the debt collection. 852 F.3d at 215 (holding debt collector's letter in response to plaintiff's inquiry about the debt constituted an "initial communication" since plaintiff's inquiry was prompted by the debt collector's prior action). Here, Meyrowitz sent the April 2 Email to Worley in response to her unprompted communications first to NYCHA, and then to Meyrowitz, regarding her efforts to resolve her debt. Because the April 2 Email from Meyrowitz was a response to Worley's contact, it does not constitute an "initial communication" for purposes of the FDCPA. As such, Worley has failed to state a claim under either § 1692e(11) or § 1692g(a).

Second, Worley argues that the district court erred in dismissing the rest of her FDCPA claims for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because, she asserts, these claims stem from injuries related to representations in the April 2 Email and not from the state-court judgment itself. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments. The *Rooker-Feldman* doctrine turns on the "*causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown,* 481 F.3d 89, 97–98 (2d Cir. 2007).

Most of Worley's remaining FDCPA claims are not independent claims; instead, the injuries they allege are the result of the state-court judgment—and thus barred under *Rooker-Feldman*. For example, her § 1692e(2) claim alleges that Meyrowitz made "a false representation

5

of the amount of the debt [she owed],"[2] her § 1692f(1) claim alleges that Meyrowitz attempted "to collect . . . an amount that was not authorized by an agreement or permitted by law", her § 1692e(10) claim alleges that Meyrowitz attempted to collect a debt despite failing to properly serve plaintiff. Joint App'x at 53–54. These complaints are the direct result of Meyrowitz's attempt to collect on the judgment from the state-court proceeding against Worley. Essentially, because Worley fundamentally believes the state-court debt to be invalid, she contends that Meyrowitz's attempts to collect on the debt are also invalid. But this Court cannot review or undo the state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (explaining that a plaintiff asking a federal court to undo a state-court judgment is the "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding") (quoting *E.B. v. Verniero,* 119 F.3d 1077, 1090–91 (3d Cir. 1997)).

Because Worley's last claim, that Meyrowitz misrepresented Worley's debt through "confusing, misleading, [and] deceptive" language, does not require the undoing of the state-court judgment, it is not barred by the *Rooker-Feldman* doctrine. Joint App'x at 54. Indeed, this claim speaks to the collection-related *conduct* of Meyrowitz as a debt collector for NYCHA rather than to the validity of the state-court judgment itself. However, as the district court noted, Worley did not argue this point in her opposition to Meyrowitz's motion for judgment on the pleadings. *Worley*, 2023 WL 158293, at *2 n.2. As a result, Worley abandoned any claim based on the

---

[2] While it may be possible to bring a § 1692e(2) claim without challenging the underlying judgment (and thus without implicating *Rooker-Feldman*), Worley's claim directly challenges the validity of the underlying judgment because she alleges that Meyrowitz violated § 1692e(2) "by claiming interest on a judgment for a lawsuit that was not properly served . . . ." Joint App'x at 53.

argument that the email was confusing. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197–98 (2d Cir. 2014) ("Where a partial response to a motion is made—*i.e.*, referencing some claims or defenses but not others . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."). Even if this claim is not deemed abandoned, it fails, because the allegations in the amended complaint amount to nothing more than [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and thus "do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We have considered Worley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court