14-2240-cv
Altman v. J.C. Christensen & Associates, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: February 18, 2015                    Decided: May 14, 2015)

Docket No. 14-2240-cv

_____

ISAAC ALTMAN, for himself and all others similarly situated,

*Plaintiff-Appellant*,

v.

J.C. CHRISTENSEN & ASSOCIATES, INC.,

*Defendant-Appellee*.

_____

Before: POOLER, SACK, and DRONEY, *Circuit Judges*.

Appeal from the June 11, 2014 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) dismissing Isaac Altman's putative class-action lawsuit against J.C. Christensen & Associates, Inc. Altman alleges that J.C. Christensen violated the Fair Debt Collections Practices Act ("FDCPA")

by offering to settle his debt for less than the full amount without warning him that his total savings might be reduced by an increase in his tax liability. We disagree, and hold that a debt collector need not warn of possible tax consequences when making a settlement offer for less than the full amount owed to comply with FDCPA.

Affirmed.

_____

MICHAEL KORSINSKY, Joseph P. Garland, Korsinsky & Klein, LLP., Brooklyn, N.Y., *for Plaintiff-Appellant Isaac Altman.*

JONATHAN B. BRUNO, Kaufman, Borgeest & Ryan LLP, New York, N.Y.; Michael A. Klutho, Bassford Remele, PA., Minneapolis, MN, *for Defendant-Appellee J.C. Christensen & Associates, Inc.*

POOLER, *Circuit Judge*:

Appeal from the June 11, 2014 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) dismissing Isaac Altman's putative class-action lawsuit against J.C. Christensen & Associates, Inc. Altman alleges that J.C. Christensen violated the Fair Debt Collections Practices Act ("FDCPA") by offering to settle his debt for less than the full amount without warning him

2

that his total savings might be reduced by an increase in his tax liability. We disagree, and hold that a debt collector need not warn of possible tax consequences when making a settlement offer for less than the full amount owed to comply with FDCPA.

## BACKGROUND

J.C. Christensen is a "debt collector" within the meaning of FDCPA. *See* 15 U.S.C. § 1692a(6). Altman is a "consumer" as defined by that statute. *See* 15 U.S.C. § 1692a(3). On or about May 17, 2003, Altman received a letter ("Letter") titled "NOTICE OF COLLECTION AND SPECIAL OFFER." The Letter stated in relevant part that:

> Your Bank of America/FIA Card Services N.A. account has been placed with us for collections. Our services have been contracted to represent in the recovery efforts of your delinquent account. Our records indicate that the outstanding balance on your account is $6,068.13.
>
> In an effort to resolve this matter as quickly as possible we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account. Please review the following settlement opportunities to make voluntary resolution of your account a reality:
>
> 1. Settle your account now for a lump-sum payment of $3,155.43. *That is a savings of 48% on your outstanding account balance.*

3

> 2.   Extend your time and settle your account in three payments of $1,314.76. *This is a savings of $2,123.85 on your outstanding account balance.*
>
> 3.   Further extend your time and pay your balance in full in 12 payments of $505.68.

App'x at 13 (italics added).  Altman's complaint alleges that this language is deceptive because the forgiven debt may be taxable under the Internal Revenue Code.[1] Thus, any savings could be less than the amount represented in the Letter once taxes are taken into account.  Altman alleges because the Letter failed to advise him of the possible tax consequences of accepting the offer, J.C. Christensen violated FDCPA's prohibition against using  "false, deceptive, or misleading representation or means in connection with the collection of [a] debt."  15 U.S.C. § 1692e.

## DISCUSSION

"We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). We "employ[ ] the same

---

[1] Under the Internal Revenue Code, "gross income" includes "[i]ncome from discharge of indebtedness."  26 U.S.C. § 61(a)(12).

4

standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks and alteration omitted). Thus, we accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Hayden*, 594 F.3d at 160.

"Congress enacted FDCPA in order 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. § 1692(e)). Consistent with these objectives, our Court "construe[s] FDCPA to require that debt collection letters be viewed from the perspective of the 'least sophisticated consumer.'" *Id*. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993). As we explained in *Greco*:

> in crafting a norm that protects the naive and the
> credulous the courts have carefully preserved the
> concept of reasonableness, and [] some courts have held
> that even the least sophisticated consumer can be
> presumed to possess a rudimentary amount of
> information about the world and a willingness to read a
> collection notice with some care.  In this way, our
> Circuit's least sophisticated consumer standard is an
> objective analysis that seeks to protect the naive from

5

abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters.

*Id.* (internal citation and quotation marks omitted).

FDCPA generally bars the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e sets forth a non-exhaustive list of sixteen practices specifically prohibited, including a catch-all provision that bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). A single violation of § 1692e is sufficient to hold a debt collector liable pursuant to FDCPA. *See* 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

Altman argues that, by specifying the savings that he would enjoy if he accepted one of the choices set forth in the letter without warning him that any savings might be offset by possible tax consequences, J.C. Christensen violated FDCPA. Altman relies on *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215 (N.D.N.Y. 2010), which allowed a similar claim to survive a motion to dismiss. In *Ellis*, the plaintiff argued that a letter from a debt collector "offering to discount

or forgive $1,924.91, or 30% of the debt," failed to notify him of the possible tax consequences in violation of FDCPA. *Id.* at 219-20. The district court found that:

> As outlined in Ellis's submissions, the amount of debt being forgiven may be taxable under 26 U.S.C. § 61(a)(12), whereby the taxes levied specific to that additional taxable income would in essence diminish the actual net value of the discount offered by the debt collector. Thus, the discount offered in [debt collector's] second letter may constitute a deceptive or misleading collection practice by failing to warn the consumer that the amount forgiven could affect his tax status. Accordingly, [debt collector's] motion to dismiss Ellis's first cause of action is denied at this juncture.

*Id.* at 220 (internal citations omitted).

We agree with the district court below that *Ellis* is unpersuasive. The Letter at issue here plainly states that the percentage saved is "on your outstanding account balance." The fact that a debtor may then have to pay tax on the amount saved is simply not deceptie in the context of what the savings are on a debtor's "outstanding account balance." *See, e.g., Schaefer v. ARM Receivable Mgmt., Inc.,* No. 09-11666-DJC, 2011 WL 2847768, at * 5 (D. Mass. July 19, 2011) (holding that "[t]he language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt," and that "requiring, as a matter of law, debt collectors to inform a debtor of such

7

a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices."); *Landes v. Cavalry Portfolio Servs., LLC*, 774 F. Supp. 2d 800, 801, 804 (E.D. Va. 2011) (finding that debt collector's letter stating that it "wants [plaintiff] to get the most out of your tax refund this year" and that it "wants [plaintiff] to get tax season savings!"without advising of the tax consequences of acceptance did not violate FDCPA because "a careful reading of the letter reveals that the only promise being made by [the debt collector] was to reduce the amount of indebtedness by a specified percentage if the debtor paid in full or on a specified payment schedule"). As Altman's reading of the Letter is objectively unreasonable under the least sophisticated consumer standard, it cannot form the basis for a FDCPA claim.

CONCLUSION

For the reasons given above, we affirm.