17-792-cv
*Delfonce v. Eltman Law, P.C.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JANE A. RESTANI,
                    *Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERIC DELFONCE, AKA ELIE DELFONCE,
                    *Plaintiff-Appellant*,

              v.                                    17-792-cv

ELTMAN LAW, P.C.,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT          Daniel Kohn, RC Law Group, PLLC,
                                 Hackensack, New Jersey.

---

\*      Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLEE          Concepcion A. Montoya, Kyle M. Medley,
                                Hinshaw & Culbertson LLP, New York, New
                                York.

Appeal from the United States District Court for the Eastern District of

New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Eric Delfonce appeals from a judgment of the district

court, entered February 17, 2017, dismissing his complaint against defendant-appellee

Eltman Law, P.C. ("Eltman").  The district court explained its reasoning in a

memorandum decision and order filed February 16, 2017. We assume the parties'

familiarity with the facts, procedural history, and issues on appeal.

In his complaint, Delfonce alleges that a March 9, 2016 collection letter that

Eltman sent to him violated §§ 1692e, 1692f, and 1692g of the Fair Debt Collection

Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*[1]  The letter reads, in relevant part:

Judgment Date: 10/20/2008

Dear Mr./Ms. Delfonce:

Please be advised that Eltman Law, P.C. has been retained by LVNV
Funding LLC, purchaser of the above account, for collection of this Debt.

---

[1]     Although the letter was not attached to the complaint, the district court
concluded that the letter was "incorporated into [Delfonce's] complaint by reference"
and ordered him to file it.  App. 2.

2

Currently, no attorney with the firm has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action.

App. 9. An "Account Summary" graphic at the top-right corner of the letter also includes the account number, original creditor, creditor to whom the debt is owed, and the amount due. The complaint acknowledges that the letter includes the notices required by § 1692g of the FDCPA regarding Delfonce's right to dispute the debt within thirty days. As Delfonce acknowledged below and again on appeal, a judgment was entered against him in Civil Court, Kings County, on October 20, 2008, in favor of LVNV Funding LLC.

On December 1, 2016, the day after the complaint was filed, the district court ordered Delfonce to show cause why his claims should not be dismissed. Delfonce responded by arguing that, from the viewpoint of the least sophisticated consumer, the use of the word "judgment" in the collection letter was misleading and constituted an unfair and unconscionable debt collection practice in violation of the FDCPA. Eltman subsequently filed a letter requesting a pre-motion conference in anticipation of moving to dismiss the complaint, to which Delfonce responded, reiterating his arguments against dismissal. The district court held a conference on February 15, 2017 and, after hearing from the parties, stated that it was "granting the application to dismiss the complaint," Suppl. App. 8, although Eltman had not formally moved to dismiss. In a memorandum decision filed February 16, 2017, the district court

concluded that, even to the least sophisticated consumer, the language in the collection letter was not misleading, confusing, unfair, or unconscionable as a matter of law, and therefore Delfonce failed to state claims for violations of §§ 1692e, 1692f, or 1692g. This timely appeal followed.

We review *de novo* the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017). A complaint must contain factual allegations that, accepted as true, are sufficient "to state a claim to relief that is plausible on its face"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (alterations in original)(internal citation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In our review, we may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference." *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). We also address Delfonce's argument on appeal that he should be granted leave to amend his complaint.

1. **The FDCPA**

Delfonce argues that the collection letter would mislead or confuse the least sophisticated consumer because it is susceptible to multiple meanings, some false, and fails to include details about the judgment's connection to the debt Eltman is seeking to collect or Eltman's connection to the judgment. We evaluate whether a communication violates the FDCPA "from the perspective of the objective least

4

sophisticated consumer." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (citation omitted). The least sophisticated consumer analysis "seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (citation omitted).

Specifically, Delfonce alleges that Eltman violated §§ 1692e, 1692f, and 1692g of the FDCPA. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth a non-exhaustive list of prohibited conduct, including, *inter alia*, false representations of the character, amount, or legal status of a debt, threats to take action not permitted by law, and the use of other false representations or deceptive means to collect a debt. 15 U.S.C. § 1692e. Section 1692f provides a general prohibition against a debt collector "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015)(alteration in original) (quoting 15 U.S.C. § 1692f). Section 1692g of the FDCPA requires a debt collector, within five days of its initial communication with a consumer, to send notice in writing of, *inter alia*, the amount of a debt, the creditor to whom the debt is owed, and the deadline and process for disputing or validating the debt. 15 U.S.C. § 1692g.

Delfonce fails to state a claim under any of the three provisions. Delfonce argues, in essence, that the presence of "Judgment Date: 10/20/2008" was misleading. With respect to § 1692e, according to Delfonce, the term "judgment" implies that "a legal action has occurred and the meritorious party is now seeking to enforce its right pursuant thereunder," but the letter simultaneously states that it "should not be taken . . . as a threat of legal action." Appellant's Br. at 22. We cannot conclude that the use of "judgment" could be reasonably considered deceptive in the circumstances here. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."). The letter provided a judgment date from nearly eight years prior and specified that Eltman would obtain a copy of the judgment if Delfonce disputed the debt. Accordingly, Delfonce's assertion that the least sophisticated consumer might consider the collection letter to be a judgment itself or the commencement of legal action is unfounded.

Delfonce also appears to argue that the least sophisticated consumer could be confused by the lack of detail regarding Eltman's relationship to the underlying judgment. This argument is belied by the letter itself. The letter specifies that Eltman was retained by the creditor to collect the debt. It also provides the judgment date, amount of the debt, and the names of the original and current creditors. The fact that Eltman was not counsel in the legal proceeding that gave rise to the debt has no impact

6

on its ability to collect the debt and is not inherently misleading. Furthermore, there is nothing misleading about the letter's acknowledgment that no Eltman lawyer had personally reviewed Delfonce's account. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005) ("In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims.").

With respect to § 1692g, nothing in the letter overshadows or contradicts the required notices, which Delfonce concedes that the letter contains. *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (debt collector that has fulfilled notice obligations under § 1692g nevertheless violates the section "if that notice is overshadowed or contradicted by other language in communications to the debtor"). The letter expressly states that Delfonce could dispute the validity of the debt "within thirty (30) days after receiving this notice" and that Eltman "will obtain verification of the debt or a copy of any judgment" if the debt is disputed. App. 9. The inclusion of the 2008 judgment date, a judgment that Delfonce acknowledges exists, would not "make the least sophisticated consumer uncertain as to her rights" to dispute the debt or request the name and address of the original creditor. *Jacobson*, 516 F.3d at 90 (citation omitted).

Finally, none of the conduct or excerpts of the letter described above could plausibly be considered "unfair or unconscionable." 15 U.S.C. § 1692f; *see also Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 127-28 (2d Cir. 2016) ("'[U]nconscionable,' in this context, means '[s]hockingly unjust or unfair,' or 'affronting the sense of justice, decency, or reasonableness . . . .'" (citation omitted)(first alteration in original)).

Accordingly, we conclude that the district court properly dismissed Delfonce's FDCPA claims.

**2.** **Leave to amend**

Delfonce requests leave to amend his complaint for the first time on appeal. We find no abuse of discretion in the district court's failure to grant leave to amend *sua sponte. See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). Furthermore, on appeal, Delfonce has not identified any new facts to support his claims; he argues only that, at some unspecified time, he will "amplify his existing contentions, and/or allege additional facts to cure any perceived deficiencies in his Complaint." Appellant's Br. at 27. "In the absence of 'some indication as to what appellant[ ] might add to [his] complaint in order to make it viable, we see no reason to grant appellant[ ] relief in this Court which was not requested below.'" *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011)(alterations in original)(quoting *Nat'l Union of Hosp. & Health Care Emps. v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977)).

We have considered all of Delfonce's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk