17-702-cv
*Elizabeth K. Atwood v. Cohen & Slamowitz LLP, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
           GERARD E. LYNCH,
           DENNY CHIN,
                   *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELIZABETH K. ATWOOD, AKA ELIZABETH KING,
                   *Plaintiff-Appellant*,

                   v.                                    17-702-cv

COHEN & SLAMOWITZ LLP, MITCHELL SELIP,
MITCHELL G. SLAMOWITZ, DAVID A. COHEN,
                   *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Mitchell L. Pashkin, Huntington, New York.

FOR DEFENDANTS-APPELLEES:        Mitchell Selip, Selip & Stylianou, LLP,
                                 Woodbury, New York.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Elizabeth K. Atwood appeals from a judgment entered February 10, 2017 dismissing her claims in this action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. By order entered March 27, 2015, for reasons stated on the record on March 26, 2015, the district court granted in part defendants-appellees' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court dismissed all of Atwood's claims except the third and fourth causes of action. By memorandum and order entered February 8, 2017, the district court denied Atwood's motion for summary judgment and granted defendants-appellees' motion for summary judgment on the remaining claims. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After Atwood defaulted on a debt in 2003, her account was sold to Portfolio Recovery Associates, LLC ("PRA"), which in turn retained defendant-appellee Cohen & Slamowitz LLP ("C&S") to collect the account balance. Defendants-appellees Mitchell Selip, Mitchell G. Slamowitz, and David A. Cohen are attorneys affiliated with C&S during the relevant period. In 2005, C&S filed a consumer debt collection action

2

against Atwood in state court and obtained a default judgment that was later vacated. Atwood failed to appear for trial in the state court action, but C&S never moved for another default judgment. The state court action thus remained open.

Between 2013 and 2014, PRA recalled Atwood's file from C&S and obtained new counsel, Foster & Garbus ("F&G"), who attempted to collect on the underlying debt. F&G served information subpoenas and restraining notices invoking the vacated 2005 judgment upon two banks, which subsequently placed holds on Atwood's accounts. Atwood filed an order to show cause to vacate the liens and restraints on the basis that the state court judgment against her had been vacated in 2007. Atwood served this order on C&S. C&S responded by informing the state court that it had previously released any and all restraints. The parties appeared in state court on February 18, 2014 and, after the mistake was identified, the court granted Atwood's motion on consent to discontinue the action.

In May 2014, Atwood brought this action in district court. On appeal, Atwood argues that the district court erred by dismissing her second cause of action, which alleged that C&S's response to the order to show cause and its appearance in state court in February 2014 violated § 1692e and § 1692f of the FDCPA. Atwood also argues that the district court erred by denying her summary judgment and granting summary judgment in favor of defendants, dismissing her third and fourth causes of action.

### I.     *Motion to Dismiss*

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Condé-Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Id.* at § 1692f. A communication is "in connection with the collection of a debt" and thus falls within the FDCPA "if a consumer receiving a letter could reasonably understand it to be a communication in connection with the collection of a debt." *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015). The Court evaluates whether a communication violates the FDCPA "from the perspective of the objective least sophisticated consumer." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012)).

4

We conclude that Atwood's second cause of action fails to state a plausible claim. C&S's response to Atwood's motion to vacate liens and restraints was not an attempt to collect a debt and thus there is no plausible FDCPA claim.[1] C&S's response conceded the judgment had been vacated and stated that PRA had released prior restraints on Atwood's bank accounts. Moreover, the response stated that although PRA believed all restraints had been released, if it was mistaken it would release any accounts still being restrained. Even the least sophisticated consumer would not have interpreted this response and an appearance agreeing with the consumer's position as an attempt to collect a debt. Therefore, the second cause of action was properly dismissed.

## II.    *Summary Judgment*

In her third and fourth causes of action, Atwood alleged that C&S took or failed to take action in the state court proceedings that purportedly constitute violations of the FDCPA, including failing to inform PRA and F&G about the failure to seek a judgment from an inquest clerk. Atwood also argues that the 2005 state court action was dismissed "by operation of law," App. at 34, and that therefore (1) C&S's appearance and continuing efforts in the state court proceedings, and (2) C&S's failure

---

[1]    We assume without deciding that communications made within a lawsuit, such as, for example, a response to an order to show cause, can be the basis for a violation of the FDCPA. *Compare Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017) ("Congress amended the FDCPA in 2006 to clarify that '[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.' 15 U.S.C. § 1692g(d).") *with Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 136 (2d Cir. 2010) (explaining the possibility of a violation of § 1692g when a debt collector initiates a lawsuit during the debt validation period).

5

to inform PRA or F&G that the case would be deemed closed and that any new action would be time-barred, violated the FDCPA because the statute of limitations had expired, citing cases holding that it is a violation of § 1692e to file a debt collection lawsuit after the expiration of limitations. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). The district court granted summary judgment dismissing these claims.

"We review the grant of . . . summary judgment *de novo*, accepting as true the factual allegations of the . . . complaint[] and drawing inferences based upon these allegations in the light most favorable to the . . . plaintiff[]." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 297 (2d Cir. 2003) (alteration in original) (citation omitted). "Summary judgment is appropriate only if it can be established that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) (quoting Fed. R. Civ. P. 56(c) (citation and internal quotation marks omitted)).

As the district court concluded, the uncontroverted evidence showed that C&S informed PRA that the judgment had been vacated, and that there was thus no false representation or failure to communicate the "character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). C&S informed PRA that the judgment was vacated on November 10, 2006 and again on January 15, 2007. C&S also informed PRA on November 13, 2006 that it had sent letters to 44 bank institutions to release restraints on

6

Atwood's bank accounts. Atwood stipulated to these facts. Atwood has not cited any authority for the proposition that C&S had an obligation under the FDCPA to inform PRA or F&G that it failed to seek an inquest or that the action would be deemed abandoned under N.Y. C.P.L.R. § 3215(c), and we are not persuaded that C&S had any such obligation.

Atwood's argument that there was a dismissal "by operation of law" also fails. The case *could* have been dismissed on motion or the court's own initiative pursuant to N.Y. C.P.L.R. § 3215(c), but the case had not been dismissed when C&S responded to the order to show cause. As the case remained pending, Atwood's argument that C&S acted outside of the statute of limitations period fails. Moreover, as discussed above, C&S's response merely advised that all restraints had been lifted -- this was hardly an effort to collect on a debt. Finally, Atwood's argument that C&S should have informed either PRA or F&G that a new legal action would fall outside of the statute of limitations period fails because F&G, as competent counsel, had all the information it needed to understand that although the case had not been closed, the failure to seek a second default judgment rendered it impossible to pursue the debt collection action any further. Hence, Atwood was not entitled to summary judgment and the district court did not err in awarding summary judgment to defendants.

. . .

We have considered Atwood's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk