18-3837-cv
*Luci v. Overton Russell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

Present:     JON O. NEWMAN,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

PATRICK LUCI, on behalf of himself and others similarly situated,

                  *Plaintiff-Appellant*,

           v.                                            18-3837-cv

OVERTON, RUSSELL, DOERR AND DONOVAN, LLP,
THOMAS R. MCCORMICK, BRIAN S. STROHL, LINDA
L. DONOVAN,

                  *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          DANIEL A SCHLANGER, Schlanger Law Group LLP,
                                  New York, New York (Anthony J. Pietrafesa,
                                  Schenectady, New York, *on the brief*)

For Defendants-Appellees:         PAUL A. SANDERS, Barclay Damon LLP, Rochester,
                                  New York

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Patrick Luci appeals from a decision dismissing his complaint. Luci alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and New York General Business Law ("GBL") § 349. Defendants successfully moved to dismiss Luci's complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). To survive a Rule 12(b)(6) motion, the plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a Rule 12(b)(6) motion, we assume as true all factual allegations asserted in the complaint. *Id.*

Luci's complaint is based on two FDCPA provisions and three provisions of New York state law. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f prohibits using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Similarly, GBL § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." New York's Civil Practice

2

Law and Rules ("CPLR") § 308(4) authorizes "nail-and-mail" service, which involves "affixing the summons to the door" of a defendant's home or place of business and "mailing the summons to such person at his or her last known residence." When service is made in this fashion, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later," and "service shall be complete ten days after such filing." CPLR § 308(4). CPLR § 320 provides that the defendant must make his appearance "within thirty days after service is complete" under § 308.

Luci claims that the summons he received violates the FDCPA and GBL. Specifically, he asserts that the summons should have read that Luci must respond "within thirty days after service is complete," rather than omitting the last two words. The omission of "is complete" rendered the summons materially misleading, he argues, because the "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993), would have thought that he only had thirty days to respond to the summons, as opposed to the forty-day minimum provided by CPLR § 308(4).

Assuming the omission of "is complete" from the summons is technically inaccurate and misleading, Luci must still demonstrate that it "has the potential to affect the decision-making process of the least sophisticated consumer," *i.e.*, the omission is *materially* misleading. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (quotation marks and citation omitted). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 86 (quotation marks and citation omitted). Specifically, a misrepresentation is material if it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or . . . could impede a

3

consumer's ability to respond to or dispute collection." *Id.* (quotation marks and citation omitted).

The sole effect Luci claims the misleading summons would have is to "prompt a consumer[ ]operating under a false sense of urgency with regard to his or her time to put in an answer[] to either . . . settle rather than litigate, or determine it was too late for the consumer to do anything." A. 6. Even assuming the summons created a false sense of urgency, the perceived reduction in time to respond from at least forty days to thirty days would not have impacted the least sophisticated consumer's decision-making process. *See Cohen*, 897 F.3d at 86. The least sophisticated consumer is "neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). The purported misinformation on which Luci relies misrepresents neither "the nature [nor] legal status of the underlying debt." *Cohen*, 897 F.3d at 86 (quotation marks and citation omitted). And, as to "a consumer's ability to respond to or dispute collection," *id.*, any rational response to such a notice would eliminate any impediment. Either a consumer would promptly respond to the summons or engage an attorney—as Luci did—who could then clarify the precise deadline for responding. The illusory concerns Luci cursorily references in his complaint do not amount to plausible allegations of a materially misleading statement.

Indeed, requiring the addition of the words "is complete" in the summons is no less confusing to the least sophisticated consumer. Luci does not contend that Overton Russell should have notified him once service was complete within the meaning of CPLR § 308(4)—or that, alternatively, the summons itself should have contained § 308(4)'s complete text. But without such notification Luci could not have known the actual deadline to respond, at least not without research or consultation with a lawyer. An amorphous deadline informing the

4

consumer that he must respond when service is complete is thus not materially superior to the notice that was provided.

The same rationale bars Luci's claim under New York's GBL. To establish a violation of GBL § 349, an act must be "deceptive or misleading in a *material* way." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995) (emphasis added). As explained above, any inaccuracies in the summons are not material.

We have considered Luci's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5