20-91-cv
*Mizrachi v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

Present:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

JORDAN MIZRACHI,

> *Plaintiff-Appellant*,

> v.                                                            No. 20-91-cv

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | DANIEL A. EDELMAN (Tiffany N. Hardy, *on the brief*), Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL; Adam J. Fishbein, Woodmere, NY. |
| For Defendant-Appellee: | JOHN M. FLANNERY (Eliza M. Scheibel, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

This appeal arises from a debt collection letter that defendant-appellee Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser") sent to plaintiff-appellant Jordan Mizrachi. The letter warned, *inter alia*, that Wilson Elser had been "instructed . . . to commence litigation against [Mizrachi] in order to collect [a] debt"; that "THERE MAY BE NO FURTHER NOTICE OR DEMAND IN WRITING FROM [WILSON ELSER] PRIOR TO THE FILING OF SUIT"; that in the event of a lawsuit Mizrachi "may also be responsible for paying the attorneys' fees incurred in prosecuting the lawsuit"; and that he could avoid these consequences by "paying . . . now or making a suitable payment arrangement." Joint App'x 15. The letter also contained a "validation notice," *see Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010), apprising Mizrachi of his right to dispute the debt within 30 days. Mizrachi's complaint alleges that the letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Mizrachi now appeals from an order of the district court (Kuntz, *J.*) granting Wilson Elser's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of a defendant's Rule 12(b)(6) motion to dismiss *de novo*, accepting all factual claims in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *United States v. Wells Fargo & Co.*, 943 F.3d 588, 594 (2d Cir. 2019).[1]

---

[1] Unless otherwise indicated, case quotations omit all internal alterations, quotation marks, footnotes, and citations.

Here, the district court held that the complaint failed to adequately allege an FDCPA violation based on either (1) the interaction between the letter's payment demands and its validation notice or (2) the letter's statements that Mizrachi may be liable for attorneys' fees in the event of a lawsuit.[2] We respectfully disagree with both conclusions.

First, while Wilson Elser fulfilled its obligation to inform Mizrachi of his right to dispute his debt within 30 days, *see* 15 U.S.C. § 1692g(a), the complaint adequately alleges that Wilson Elser nonetheless violated the requirement that "[a]ny . . . communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt," *id.* § 1692g(b); *see also Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998). A communication "overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights." *Ellis*, 591 F.3d at 135. The letter here, by threatening a lawsuit, cataloging the myriad consequences of such a suit, and offering payment or arrangement of payment "now" as the only means of "avoid[ing]" this suit, Joint App'x 15, generates just such uncertainty. Even if the letter does not literally demand immediate payment, these warnings, combined with the all-caps admonition that no further notice might follow before a lawsuit is filed, could have created the misimpression that immediate payment is the consumer's only means of avoiding a parade of collateral consequences, thereby overshadowing the consumer's validation rights. *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001) (reversing grant of motion to dismiss where portions of collection letter "conveyed a message that arguably interfered with a correct understanding of the message required by the [FDCPA]").

---

[2] The district court also held that the complaint did not state an FDCPA claim based on the letter's alleged lack of clarity about when the 30-day validation period begins. We reject Mizrachi's passing challenge to this holding on appeal, because the letter clearly states that Mizrachi can dispute the debt "within 30 days of receiving this letter." Joint App'x 15.

The uncertainty created by the letter's payment demand is unmitigated by any "transitional language" "explaining that [the letter's] demand d[oes] not override the consumer's rights under Section [1692g] to seek validation of the debt." *Savino*, 164 F.3d at 86. To the contrary, the letter fails to even mention that a consumer's demand for validation pauses the collection process, thus leaving "the least sophisticated consumer . . . uncertain whether she ha[s] the option to dispute the debt, and to withhold payment while disputing it." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 92 (2d Cir. 2008). Thus, the complaint adequately alleges that the letter's payment demand overshadowed its validation notice, stating a claim under the FDCPA.

Second, the complaint adequately states an FDCPA violation based on the letter's statements that Mizrachi may be liable for attorneys' fees. Wilson Elser concedes that the letter's language would violate the FDCPA absent a contract between the parties authorizing an award of attorneys' fees, because there would otherwise be no legal basis for recovering such fees. *See also Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012). And the complaint expressly alleges that "[t]here is no writing authorizing attorney's fees relating to the alleged debt." Joint App'x 8 ¶ 17. Nonetheless, the district court held that the complaint failed to state an FDCPA claim based on the attorneys' fees language because Mizrachi's children attended school "pursuant to" a contract providing for attorneys' fees incurred in the collection of Mizrachi's debt. *Id.* at 24. This holding, which was based on an unsigned form contract submitted by Wilson Elser, was in error.

As an initial matter, the district court should not have considered the unsigned contract, which was not attached to, incorporated by, or integral to the complaint. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). More fundamentally, the unsigned document, even if considered, at most raises a factual dispute about whether Mizrachi ever signed a contract providing for attorneys' fees. The district court should not have resolved this factual dispute at the

4

motion to dismiss stage, and instead should have accepted as true the complaint's well-pleaded allegation that Mizrachi had signed no such contract. *Wells Fargo*, 943 F.3d at 594. Accepting this allegation as true, the complaint adequately states an FDCPA violation based on the letter's statements that Mizrachi may be liable for attorneys' fees where no such fees could be recovered.

For the foregoing reasons, the judgment of the district court is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5